UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OAK POINT PARTNERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DR. HOLGER LESSING, NOT INDIVIDUALLY, BUT ONLY IN HIS CAPACITY AS THE INSOLVENCY ADMINISTRATOR IN CHARGE OF THE ASSETS OF EXODUS COMMUNICATIONS GMBH, <br><br> Defendant. | Case No.: 11-CV-03328-LHK <br><br><br><br> ORDER SETTING ASIDE DEFAULT JUDGMENT |

Before the Court is Defendant Dr. Holger Lessing's motion to set aside the default judgment under Federal Rule of Civil Procedure 60(b). Pursuant to Civil Local Rule 7–1(b), the Court deems this motion appropriate for determination without oral argument and vacates the hearing set for September 20, 2012. The Case Management Conference remains as set. Having considered the parties' submissions and the relevant law, the Court GRANTS Defendant's motion to set aside the default judgment.

**I.     BACKGROUND**

This case arises from Plaintiff Oak Point Partners, Inc. ("Oak Point")'s attempt to collect on a debt it believes it is owed by German company Exodus GmnH ("Exodus"). The debt in question

1

Case No.: 11-CV-03328-LHK
ORDER SETTING ASIDE DEFAULT JUDGMENT

is a loan of approximately $23 million made to Exodus by an American company called EXDS.[1] Compl. ¶ 1. In September 2001, EXDS filed for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq., in the United States Bankruptcy Court for the District of Delaware. *Id.* at ¶ 3. In 2007, Oak Point purchased all of EXDS's remaining assets from the Bankruptcy Plan Administrator, including all rights in that loan. *Id.* at ¶ 5. This action relates to Oak Point's attempt to collect on the loan from Exodus.

Complications arise because Exodus is itself in insolvency proceedings in Germany. Defendant Dr. Holger Lessing ("Lessing") is the insolvency administrator for Exodus in the German insolvency proceedings. *Id.* at ¶ 7. Oak Point filed a claim in the German insolvency proceedings, but Lessing, as administrator, challenged the claim. *Id.* at ¶ 24. Oak Point then did what it asserts is required by German law, that is, Oak Point filed this lawsuit to establish the validity of its claim and to obtain an order directing Lessing to include the claim in the distribution of Exodus's property. *Id.* at ¶ 25. Lessing did not make an appearance at any time to defend the lawsuit, and in November 2011, the clerk entered a default and default judgment against him. ECF Nos. 16, 17.

On May 1, 2012, Defendant filed this motion to set aside the default judgment on two grounds: that the judgment is invalid because Defendant was not properly served, pursuant to Fed. R. Civ. P. 60(b)(4), and in the alternative, that the default judgment should be set aside on grounds of excusable neglect, pursuant to Fed. R. Civ. P. 60(b)(1). ECF No. 23 ("Mot."). Plaintiff filed an opposition on May 12, 2012 ("Opp'n"). ECF No. 34. Plaintiff filed a reply on May 24, 2012 ("Reply"). ECF No. 37.[2]

**II. ANALYSIS**

**A. Legal Standard**

---

[1] Exodus, the German company who borrowed the money, is a wholly-owned subsidiary of EXDS, the American company that made the loan. Compl. ¶ 1.

[2] Defendant also filed two sets of evidentiary objections to declarations filed in support of Plaintiffs' opposition. ECF Nos. 40, 41. Civil Local Rule 7-3(a) requires that [a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum." Defendant's objections were filed separately, and thus do not comply with this rule. Accordingly, the Court strikes these objections and will not consider them.

2

Case No.: 11-CV-03328-LHK
ORDER SETTING ASIDE DEFAULT JUDGMENT

Rule 60(b) allows a court to set aside a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed.R.Civ.P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). This Circuit recognizes a "long-standing principle that default judgments are disfavored." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 694 (9th Cir. 2001). Here, Defendant has argued only that the judgment is void, or, in the alternative, that there was excusable neglect.

A judgment is void for Rule 60(b)(4) purposes "only if the court that considered it lacked jurisdiction . . . over the parties to be bound." *S.E.C. v. Internet Solutions for Business Inc.,* 509 F. 3d 1161, 1165 (9th Cir. 2007) (citing *United States v. Berke*, 170 F. 3d 882, 883 (9th Cir. 1999)). A court lacks personal jurisdiction where there has been insufficient service of process. *Id.*

As concerns excusable neglect, courts consider three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Excusable neglect "is a general equitable [concept], not necessarily reserved for extraordinary circumstances." *TCI Group*, 244 F.3d at 696. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under [Ninth Circuit] default cases." *Id.* at 697.

**B. Validity of Judgment**

Defendant first argues that the judgment is void because he was never properly served. Service of process is governed by Federal Rule of Civil Procedure 4. When the defendant is in a foreign country, Rule 4(f)(1) requires that the individual be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"). Fed. R. Civ. P. 4(f)(1). Where the Hague Convention applies, compliance with its provisions is

mandatory. *Volkswagenwek Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). The parties agree that the Hague Convention applies here.

The Hague Convention provides that "[e]ach contracting state shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States." Hague Convention Art. 2. The Central Authority can then serve the document itself, or have it served "by a method prescribed by its internal law for the service of documents in domestic actions upon persons within its territory" or "by a particular method requested by the applicant." Hague Convention Art. 5. The Central Authority "shall complete a certificate" that "shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered." Hague Convention Art. 6. "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Internet Solutions*, 509 F. 3d at 1166 (citations omitted); *see also Myrtle v. Graham*, 2011 WL 446397 (citing cases treating a Central Authority's certificate as prima facie evidence of proper service).

Here, Plaintiff requested service in accordance with German law. Mot. at 6. The parties agree that service that was proper under German law would satisfy the service requirement in this case. The parties disagree about whether the service that occurred—the depositing of the summons and complaint in a mailbox at Defendant's office, where it was collected the next day by his staff—complies with German law.[3]

The Ninth Circuit has held that "the defendant moving to vacate default judgment for improper service of process bears the burden to prove that he is entitled to relief." *Internet Solutions,* 509 F.3d at 1166. However, the Court in *Internet Solutions* relied in part on the fact that the defendant

---

[3] Both parties have submitted declarations attempting to explain how this question should be resolved by German law. *See* Declaration of Dr. Holger Lessing in Support of Motion to Set Aside Default Judgment ("Lessing Decl."); Declaration of Steffan Schneider in support of Opposition ("Schneider Decl."). Although Fed. R. Civ. P. 44.1 permits the Court to consider testimony in deciding questions of foreign law, it does not require it to do so. *See Bodum USA, Inv. V. La Cafetiere, Inc.*, 621 F.3d 624 (7th Cir. 2010). As the parties' declared interpretations of German law lead to directly opposite conclusions, the Court will not rely on them as objective statements of German law.

4

Case No.: 11-CV-03328-LHK
ORDER SETTING ASIDE DEFAULT JUDGMENT

had actual notice of the lawsuit. Existing case law does not resolve the question of whether a defendant without actual notice also bears the burden of proving that he is entitled to relief, or whether the burden in such a case would rest with the plaintiff. Here, the parties disagree about whether Defendant had actual notice. However, as explained below, the outcome will be the same regardless of which party bears the burden. Accordingly, the Court need not decide whether Defendant had notice or whether a Defendant without actual notice still bears the burden.

In this case, the German Central Authority issued a certificate of service. ECF No. 11. In other words, the German Central Authority certified that service was properly effected under German law. This certificate constitutes prima facie evidence of proper service. *Internet Solutions*, 509 F.3d at 1166. Thus, even if the burden remains upon the Plaintiff to establish jurisdiction in the Rule 60(b) context, Plaintiff here has met that obligation. Under either allocation, then, Defendant must now prove that service was not proper.

Defendant has submitted two pieces of evidence that service was improper despite the certificate: his own declaration stating that his office was open and the reception desk staffed when personal service was attempted, and a form that was filled out by the German process server attesting that the summons and complaint were placed in the mailbox. *See* Lessing Decl. ¶ 48 & Exh. L. Plaintiff's argument, however, is not based on a dispute of these facts. Plaintiff instead suggests that even assuming these facts, service was proper under German law. Opp. at 3-4. Specifically, the parties disagree about two technical points under the German Code of Civil Procedure: (1) whether an individual must be completely unavailable for personal delivery of any sort in order for deposit in a mailbox to constitute valid service; and (2) whether actual delivery to an individual's staff member, rather than to the individual personally, cures any prior defect in service. *See* Mot. at 7-8, Opp'n at 3-4; Reply at 3-5.

To support his argument, Defendant has submitted a declaration containing what amounts to several pages of legal argument about what is permitted by the German Code of Civil Procedure. *See* Supplemental Declaration of Dr. Holger Lessing in Support of Motion to set Aside Default Judgment (Supp. Lessing Decl.) at ¶¶ 7-10. As established above, the Court does not place any weight on the parties' own explanations concerning the content of German law. Further, legal

5

arguments and conclusions are not permissible in declarations, and the Court need not consider them. *See* Local Civil Rule 7-5. Even if Defendant had presented something more than his own opinion on the meaning of the relevant statutes, this Court would be extremely reluctant to find that the German Central Authority had misapplied its own local law in certifying that proper service had occurred. Faced only with a facially valid certificate from the German Central Authority and Defendant's own declaration that German law requires more, this Court cannot conclude that Defendant was not properly served. Accordingly, the Court finds that service was proper under German law, and the judgment is not void for lack of jurisdiction. Defendant's motion to set aside the default pursuant to Rule 60(b)(4) is DENIED.

**C. Excusable Neglect**

"Where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Group*, 244 F.3d at 696. The party seeking to vacate the default judgment bears the burden of establishing that the three factors — whether the plaintiff will be prejudiced, whether the defendant's default is due to culpable conduct, and whether the defendant has a meritorious defense — favor vacating the judgment. *Id.* Courts consider these "good cause" factors for any motion under 60(b)(1), including claims of excusable neglect. *TCI Group*, 244 F.3d at 696; *Falk*, 739 F. 2d at 463.

1. Prejudice to the Plaintiff

Setting aside a default is considered prejudicial only if it results "in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. To constitute prejudice, the "delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (citing *Thompson v. American Home Assur. Co.*, 95 F. 3d 429, 432 (6th Cir. 1996)).

Plaintiff has not suggested that it would be prejudiced by a setting aside of the default. In fact, Plaintiff admits that "the Exodus Germany insolvency estate remains pending," Opp'n at 11, and has not disputed Defendant's allegation that Plaintiff has lost no rights under German law as a

6
Case No.: 11-CV-03328-LHK
ORDER SETTING ASIDE DEFAULT JUDGMENT

result of the delay. *See* Lessing Decl. ¶ 39. Accordingly, the Court finds that Plaintiff would not be prejudiced if the Court sets aside the default.

2. <u>Meritorious Defense</u>

Defendant's chief argument that he has a meritorious defense is that this Court either cannot or should not decide this case for comity reasons.[4] Specifically, Defendant argues that because there is an ongoing foreign bankruptcy proceeding involving this claim, this Court should abstain from deciding it. Defendant further argues that German law requires an action of this nature — establishing the validity of a claim to be entered into the insolvency table[5] in Germany — to be brought in a particular German court, rather than an American court.

The "burden on a party seeking to vacate a default judgment is not extraordinarily heavy;" rather, a defendant need only "present specific facts that would constitute a defense," a *TCI Group*, 244 F.3d at 700. The defense need not be on the merits of the claim. *See E. & J. Gallo Winery v. Cantine Rallo, S.p.A.*, 430 F. Supp. 2d 1064, 1092 (E.D. Cal. 2005) (finding a meritorious defense for Rule 60(b) purposes where laches defense "is viable and cannot be eliminated as a matter of law.").

Here, Defendant has presented a detailed argument that the action should be dismissed on comity grounds. Defendant has alleged specific facts concerning the ongoing insolvency proceedings in Germany and the possible effects of these proceedings on the instant case, and has cited case law supporting his position. Mot. at 9-13. Whether or not this will be a successful defense, this Court certainly *could* find, after full briefing and argument, that the action should be dismissed in consideration of the proceedings in Germany. *See, e.g.*, *JP Morgan Chase Bank v. Altos Hornos de Mexico*, 412 F.3d 418 (2d Cir. 2005); *Yuen v. U.S. Stock Transfer Co.*, 966 F.Supp. 944, 948 (C.D.Cal. 1997). The Court is aware of no controlling case law either forbidding or requiring that outcome in this particular case.[6] Given the complexities of this case, illuminated

---

[4] In its reply, Defendant also presents a potential merits defense. However, this argument was not raised in the motion or opening brief, and "[t]he district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).
[5] German bankruptcy law requires the insolvency administrator to compile the accepted claims in an "insolvency table," in which they are assigned ranks for distribution. *See* Bernd Meyer-Lowy & Leo Plank, *Business Laws of Germany*, § 10:13.
[6] The out-of-Circuit cases cited by both parties do not dictate the outcome here.

7
Case No.: 11-CV-03328-LHK
ORDER SETTING ASIDE DEFAULT JUDGMENT

by the parties' disagreement about whether the German insolvency law requires this dispute to be litigated in a German Court, the interests of justice require giving Defendant the opportunity to litigate this defense.  Accordingly, the Court finds that Defendant has a sufficiently meritorious defense to warrant setting aside the default, so that the case may be considered on its merits.

3. Culpable Conduct

Conduct is culpable for Rule 60(b) purposes where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698.  On a Rule 60(b) motion, the Court "will accept the allegations of the movant's factual statement." *Falk*, 739 F.2d at 464.

Here, Plaintiff has provided an explanation for his failure to respond: his staff retrieved the summons and complaint from his mailbox and mistakenly filed them with other papers regarding the insolvency that did not require an immediate response.  Lessing Decl. ¶¶ 32-35.  This conduct is not "devious, deliberate, willful, or [in] bad faith."  Negligent or neglectful it may be, but such conduct is not considered "culpable" for purposes of a Rule 60(b) motion.  *See Flores v. Legal Recovery Law Offices, Inc.*, 2010 WL 3749387 at *1 (N.D. Cal., Sept. 23, 2010).  Accordingly, the Court finds that Defendant's conduct was not culpable.

In sum, all three factors favor setting aside the default judgment.  Accordingly, Defendant's motion to set aside the default is GRANTED.

## III. CONCLUSION

Plaintiff has not established that the Court was without jurisdiction to enter the default judgment.  However, Plaintiff has established that his default was due to excusable neglect.  Accordingly, Plaintiff's motion to set aside the default judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: September 18, 2011

_____
LUCY H. KOH
United States District Judge

8
Case No.: 11-CV-03328-LHK
ORDER SETTING ASIDE DEFAULT JUDGMENT