**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OAK POINT PARTNERS, INC., | ) Case No.: 11-CV-03328-LHK |
| Plaintiff, | ) |
| v. | ) ORDER LIFTING STAY AND |
| | ) DISMISSING ACTION WITH |
| DR. HOLGER LESSING, NOT INDIVIDUALLY, BUT ONLY IN HIS CAPACITY AS THE INSOLVENCY ADMINISTRATOR IN CHARGE OF THE ASSETS OF EXODUS COMMUNICATIONS GMBH, | ) PREJUDICE |
| Defendant. | ) |

On May 20, 2013, the Court received notice that the U.S. Bankruptcy Court for the Northern District of California, San Jose Division, the Honorable Arthur S. Weissbrodt presiding, entered an Order Pursuant to 11 U.S.C. §§ 1504, 1515, 1517, and 1520 Recognizing Foreign Main Proceeding and Foreign Representative in the matter of *In re Exodus Communications, GmbH*, Case No. 5:13-BK-52147-ASW. *See* ECF No. 77. That Order automatically stayed the instant action, pursuant to 11 U.S.C. § 1520(a). Accordingly, the Court stayed and administrative closed

1

Case No.: 11-CV-03328-LHK
ORDER LIFTING STAY AND DISMISSING ACTION WITH PREJUDICE

the instant action, pending resolution of Defendant's Petition before the Bankruptcy Court. *See* ECF No. 78.

On July 3, 2013, Defendant filed a notice of the entry of an Order of the Bankruptcy Court lifting the automatic stay to facilitate dismissal of this litigation. ECF No. 79 (Notice of Entry of Order); ECF No. 79, Exh. A (Order Lifting Automatic Stay to Facilitate Dismissal of Litigation Against the Debtor). Also on July 3, 2013, both parties filed a stipulation of dismissal of the instant action with prejudice, with each party bearing his or its own fees and costs. ECF No. 80. Accordingly, the Court hereby ORDERS that the stay be lifted, and that the instant action be dismissed with prejudice.

The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: July 8, 2013

*/s/ Lucy H. Koh*
LUCY H. KOH
United States District Judge

2
Case No.: 11-CV-03328-LHK
ORDER LIFTING STAY AND DISMISSING ACTION WITH PREJUDICE